```
                    UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF WASHINGTON
```

STERLING SAVINGS BANK,

       Plaintiff,

       v.

AIR WISCONSIN AIRLINES
CORPORATION

       Defendant.

No. CV-05-071-FVS

ORDER

AIR WISCONSIN AIRLINES
CORPORATION

       Third Party Plaintiff,

UNITED ENERGY, INC.

       Third Party Defendant.

    **THIS MATTER** came before the Court for resolution of a discovery dispute. Sterling Savings Bank is represented by Leslie R. Weatherhead. Air Wisconsin Airlines Corporation is represented by William D. Hyslop. United Energy, Inc., is represented by Louis B. Byrd, Jr.

    **BACKGROUND**

    Sterling Savings Bank filed suit against Air Wisconsin Airlines Corporation in state court. Air Wisconsin removed the action to federal court and filed a third-party complaint against United Energy, Inc. The latter moved to dismiss on the ground it is not

ORDER - 1

subject to personal jurisdiction in this forum.  Fed.R.Civ.P.
12(b)(2).  Air Wisconsin asked to conduct discovery with respect to
the existence of personal jurisdiction; a request the Court granted.
As a result, Air Wisconsin served United Energy with 24 requests for
production.  United Energy objected to virtually all of them.  When
the parties were unable to resolve the dispute, Air Wisconsin filed a
motion to compel United Energy to answer its requests and to pay
sanctions for failing to do so.  In response, United Energy filed a
motion for a protective order.

**RULE 26**

"Parties may obtain discovery regarding any matter, not
privileged, that is relevant to the claim . . . of any party[.]"
Fed.R.Civ.P. 26(b)(1).  Information is relevant if it is "'reasonably
calculated to lead to the discovery of admissible evidence.'"
*Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th
Cir.2005) (quoting Rule 26(b)(1)).  Given this standard, the Court
cannot determine whether information is relevant without considering
the issue being litigated.  Here, the issue is personal jurisdiction,
which may be either general or specific.  *See Amoco Egypt Oil Co. v.
Leonis Navigation Co., Inc.*, 1 F.3d 848, 850-51 (9th Cir.1993).  Of
the two, Air Wisconsin seems to be more intent upon establishing the
existence of general jurisdiction.[1]

A nonresident corporation is subject to general jurisdiction in

---

[1]State law governs whether the defendants are subject to
personal jurisdiction in the State of Washington.  *See Cubbage v.
Merchent*, 744 F.2d 665, 667 (9th Cir.1984), *cert. denied*, 470
U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985).  Federal law
governs whether exercising personal jurisdiction would violate
the defendants' right to due process.  *Id.  See also* 4A Charles
Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §
1075, at 411-12 (3d ed.2002) (" Federal law always is controlling
to determine whether the constitutional principles of due process
. . . have been satisfied.").

ORDER - 2

the State of Washington if it was doing business in this state at the time the cause of action accrued.  RCW 4.28.080(10).[2]  *Im Ex Trading Co. v. Raad*, 92 Wn. App. 529, 537, 963 P.2d 952 (1998), *review denied*, 137 Wn.2d 1023, 980 P.2d 1280 (1999).  A corporation is doing business in this state when its activities in Washington are "substantial and continuous."  *Raymond v. Robinson*, 104 Wn. App. 627, 633, 15 P.3d 697 (2001).  This test is consistent with the requirements of due process.  *Cf. Easter v. American West Financial*, 381 F.3d 948, 960 (9th Cir.2004) ("A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are substantial or continuous and systematic."); *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) ("A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984))).  Indeed, Washington courts apply the "doing business" test in order to make certain that due process concerns are addressed before a nonresident defendant is subjected to general jurisdiction in Washington.  *Im Ex Trading Co.*, 92 Wn. App. at 537.  Since "the 'doing business' and due process inquiries are the same," *Amoco Egypt Oil Co.*, 1 F.3d at 851 (citations omitted), the "statutory and constitutional standards merge into a single due process test."  *Id.* (internal punctuation and

---

[2]RCW 4.28.080(10) provides that, in the case of suit against "a foreign corporation or nonresident joint stock company, partnership or association doing business within this state," the summons may be served upon "any agent, cashier or secretary thereof."  Washington appellate courts have held that this statute creates general jurisdiction.  *See, e.g., Hein v. Taco Bell, Inc.*, 60 Wash. App. 325, 328-29, 803 P.2d 329 (1991) (citation omitted).

ORDER - 3

citations omitted).

In this context, then, information is relevant if it either reveals the nature and scope of United Energy's activities in Washington or is reasonably calculated to uncover such information. Of course, not all relevant information is subject to discovery. Upon a showing of good cause, a court may enter an order relieving a party of its obligation to respond to a particular discovery request; for example, where disclosure would be unduly burdensome or expensive. Fed.R.Civ.P. 26(c). However, "[t]he burden is upon the party seeking the order to show 'good cause' by demonstrating harm or prejudice that will result from discovery." *Rivera v. NIBCO*, 364 F.3d 1057, 1063 (9th Cir.2004).

**AIR WISCONSIN IS ACTING IN GOOD FAITH**

United Energy argues that Air Wisconsin has conceded in an email that its claim(s) should be litigated in Oregon.[3]  This argument is unpersuasive.  While, as United Energy points out, the author of the email suggested filing suit in the District of Oregon, the author's suggestion does not come anywhere close to constituting a concession on the part of Air Wisconsin that its claim(s) against United Energy must be litigated in Oregon.

**DISCOVERY MAY ENABLE AIR WISCONSIN TO ESTABLISH PERSONAL JURISDICTION**

United Energy seems to assume general jurisdiction cannot exist unless Air Wisconsin's claim arises out of United Energy's activities in this state.  Since, in United Energy's opinion, Air Wisconsin has all but conceded its claim does not arise out of forum-related activities, United Energy argues Air Wisconsin cannot establish general jurisdiction no matter how much discovery it conducts.  This

---

[3]The email is attached to a memorandum entitled "Third Party Defendant's Memorandum in Support of FRCP 26(c) Motion for an Order of Protection."

ORDER - 4

argument is unpersuasive.  Contrary to United Energy, general jurisdiction may arise even though Air Wisconsin's claim is unrelated to United Energy's activities in Washington.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-55, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).  As explained above, general jurisdiction will exist if Air Wisconsin can demonstrate that United Energy's activities in this state were substantial and continuous. Whether Air Wisconsin can satisfy this standard remains to be seen. However, discovery may enable Air Wisconsin to make the requisite showing.

**A FIVE-YEAR TIME SPAN IS NOT UNREASONABLE**

Air Wisconsin is seeking information concerning United Energy's activities in Washington from January 1, 2000, until the present. United Energy argues discovery should be limited to those business activities that occurred during 2004, the year in which it sold fuel to Air Wisconsin.  This argument is unpersuasive.  Whether United Energy's activities in Washington are "substantial and continuous" cannot be determined accurately unless the Court looks at the full range of United Energy's activities in this state.  Arbitrarily limiting the inquiry to a single year would frustrate the Court's ability to make an accurate determination.  Nor is there any authority for United Energy's argument that the inquiry be limited in scope.  To the contrary, in deciding whether general jurisdiction exists, courts typically look at events stretching over a period of years. *See, e.g., Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1328-31 (9th Cir.1984) (business relationship extended from 1978 until 1981; court looked at all contacts occurring that period).

**AIR WISCONSIN MAY DISCOVER INFORMATION CONCERNING UNITED ENERGY'S RELATIONSHIPS WITH ITS SUBSIDIARIES**

If United Energy and its subsidiaries are separate entities, Air Wisconsin may not establish the existence of general jurisdiction

ORDER - 5

over United Energy based upon its subsidiaries' contacts with Washington. *See Doe v. Unocal Corp.*, 248 F.3d 915, 925-26 (9th Cir.2001). However, if United Energy and its subsidiaries are not separate entities, "'the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation.'" *Id.* at 926 (quoting *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir.1996)). *Cf. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-35 (9th Cir.2003) (hereinafter "*Harris Rutsky*") ("a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent").[4]  In view of these principles, Air Wisconsin is entitled to conduct discovery with respect to the relationships between United Energy and each of its subsidiaries that does business in this state.

**UNITED ENERGY HAS NOT DEMONSTRATED THAT A PROTECTIVE ORDER IS NECESSARY**

United Energy complains that Air Wisconsin's requests are unduly burdensome. United Energy asks the Court to enter a protective order limiting its discovery obligations in the following respects:  that United Energy not be required to produce public records concerning state-court litigation between United Wood Products, a subsidiary, and Kimberly Clark, International; that United Energy not be required to provide "litigation documents relating to any pending suit against any of its subsidiaries"; that United Energy not be required to disclose "irrelevant correspondence between [United Wood Products] and [Kimberly Clark]"; that United Energy not be required to disclose

---

[4]Although *Harris Rutsky* involved application of California law, the Ninth Circuit's discussion of the parent-subsidiary relationship was rooted in the common law. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336-37, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925). Washington law is in accord. *State v. Northwest Magnesite Co.*, 28 Wn.2d 1, 41, 182 P.2d 643 (1947).

ORDER - 6

"asset documentation that is being requested by [Air Wisconsin] under the guise of jurisdictional discovery"; and that United Energy not be required to disclose "documentation that is already in the possession of [Air Wisconsin] via Initial Disclosure, or that can be obtained directly form [sic] [Sterling Savings Bank]." As explained above, United Energy bears the burden of demonstrating good cause for a protective order. With one possible exception, United Energy has not done so. Request for Production No. 8 seeks "[c]opies of all pleadings in all court proceedings in which [United Energy] and/or one of its subsidiaries or affiliates has been named a party (plaintiff, defendant, or third-party)." In answering this request, United Energy need not obtain copies of pleadings from court clerks. However, United Energy must provide copies of all pleadings that are in its possession, or in its attorney's possession, or in the possession of an attorney for one of its subsidiaries.

**SANCTIONS**

Air Wisconsin asks the Court to sanction United Energy for unreasonably failing to provide discovery. This request is governed by Rule 37(a)(4)(A), which provides:

> If the motion is granted . . . *the court shall*, after affording an opportunity to be heard, *require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion*, including attorney's fees, *unless the court finds* that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or *that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.*

(Emphasis added.) Here, there is no question but that Air Wisconsin made a good-faith effort to resolve this dispute without court action. Thus, the issue is whether United Energy's refusal to provide discovery was substantially justified. *See, e.g., Freeman v.*

ORDER - 7

*San Diego Association of Realtors*, 322 F.3d 1133, 1156 (9th Cir.2003).  Having carefully reviewed the materials submitted by the parties, the Court finds that United Energy's objections to Air Wisconsin's requests for production were not substantially justified. Accordingly, United Energy must reimburse Air Wisconsin for the reasonable expenses it has incurred as a result of bringing its motion to compel.

**IT IS HEREBY ORDERED:**

1. United Energy's motion for a protective order (**Ct. Rec. 46**) is denied.

2. Air Wisconsin's motion to compel (**Ct. Rec. 39**) is granted. Within fourteen days of entry of this order, United Energy shall provide complete answers to all of Air Wisconsin's requests for production.

3. Air Wisconsin's motion for sanctions (**Ct. Rec. 39**) is granted.  Within fourteen days of entry of this order, Air Wisconsin shall file and serve a documented application for reasonable expenses.  United Energy may have fourteen days in which to file and serve a response.

4. Within fourteen days, the parties shall file a joint report indicating whether they can comply with the deadlines established by the scheduling order that was entered on June 1, 2005.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___13th___ day of October, 2005.

                      ___s/ Fred Van Sickle___
                         Fred Van Sickle
                    United States District Judge